UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                Case No. 8:09-cr-81-T-33TGW

RICARDO VICTORIA
_____/

**ORDER**

This matter is before the Court pursuant to Defendant Ricardo Victoria's construed Motion to Reduce Sentence (Doc. # 156), filed on December 9, 2013. The Government filed a response to the Motion (Doc. # 158) on January 31, 2014. For the reasons that follow, the Motion is denied.

**I.   Background**

In February of 2009, Victoria, his co-defendants, and others "were knowing and willing participants in a maritime drug smuggling venture in the international waters of the Eastern Pacific Ocean, involving more than five . . . kilograms of cocaine and a stateless self-propelled semi-submersible . . . vessel." (Doc. # 74 at 9). On June 18, 2009, Victoria entered into a plea agreement with the Government wherein Victoria agreed to cooperate with the Government in the investigation of his case, and the Government agreed to consider whether such cooperation

qualifies as "substantial assistance" warranting the filing of an appropriate motion. (Id. at 3-4).

On July 1, 2009, Victoria entered pleas of guilty to Counts One and Three of the Superseding Indictment, which charged him with violations of the Drug Trafficking Vessel Interdiction Act and the Maritime Drug Law Enforcement Act, respectively. (Doc. # 80). The Court accepted Victoria's pleas and, on October 19, 2009, sentenced him to serve 135 months in federal prison. (Doc. # 122).

On September 30, 2013, Victoria filed a construed motion to vacate under 28 U.S.C. § 2255 (Doc. # 154), which the Court denied on October 2, 2013 (Doc. # 155). On December 9, 2013, Victoria filed the instant construed Motion to Reduce Sentence. (Doc. # 156). The Government filed a response to the Motion on January 31, 2014. (Doc. # 158). The Court has reviewed the construed Motion as well as the Government's response and is otherwise fully advised in the premises.

## II. **Discussion**

In his pro se Motion to Reduce Sentence, Victoria states as follows:

> I was sentenced at Tampa Division on 2009, and I was told that I would be in prison (135) moths, and I also was told that if I made clear my case, I will get some benefit. After I was senteced the investigator on my case, came to see me and we

2

> talked about all the people who hired me.  I told
> to my federal agent the names of those guys . . .
> . [T]hat was all the information that I had at that
> time.
>
> They said I will get a sentece reduction by my
> coperation in this case and I did because those
> were the guys taht I was talking to about that
> jurney.  I just want you to know that I have been
> more than (5) years, and I have no got anything by
> my colaboration about this case.
>
> Please let me know if you can tell me when I will
> get my benefits upon this matter.

(Doc. # 156 at 1).

In response to Victoria's construed Motion, the Government explains:

> Victoria's 135 month sentence and total offense
> level of 33 shows that he qualified for, and
> received the benefit of, the safety valve pursuant
> to USSG § 5C1.2.  Drug Enforcement Administration
> (DEA) reports show that Victoria provided
> information to the United States during interviews
> with agents assigned to the Panama Express Strike
> Force (PANEX) . . . in order to qualify for the
> safety valve.  No law enforcement reports indicate
> that Victoria was promised anything other than what
> is contained in his written plea agreement.  The
> undersigned Assistant United States Attorney (AUSA)
> carefully evaluated the information provided by
> Victoria and determined that, prior to sentencing,
> Victoria did not substantially assist the United
> States in the investigation and prosecution of
> others.
>
> \* \* \*
>
> After Victoria filed [the present Motion], the
> undersigned AUSA performed another review of
> relevant reports and consulted, again, with PANEX
> agents to determine whether Victoria had provided

> "substantial assistance" warranting the filing of a motion pursuant to Fed. R. Crim. P. 35(b). Again, the undersigned AUSA concluded that Victoria had not provided "substantial assistance" warranting the filing of that motion.

(Doc. # 158 at 2-4).

The Court agrees with the Government's contention that matters concerning the filing of a "substantial assistance" motion in this case are controlled by paragraph seven of Victoria's plea agreement. (Doc. # 74). That agreement provides, in pertinent part, that "the determination as to whether 'substantial assistance' has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida . . . ." (Id. at 4). Furthermore, pursuant to the plea agreement, Victoria agreed that he "cannot and will not challenge [the United States Attorney's] determination, whether by appeal, collateral attack, or otherwise." (Id.). The Court thus finds Victoria's present attempt to challenge the Government's "substantial assistance" determination in this case to be inappropriate.

Furthermore, the Court notes that Rule 35(b) of the Federal Rules of Criminal Procedure does not provide a mechanism for an individual defendant to seek relief, but rather provides the Government with a procedure for seeking

a reduced sentence in recognition of substantial assistance provided in the investigation and prosecution of others. In this case, the Court finds no indication that the Government's refusal to file a Rule 35 motion constitutes a breach of Victoria's plea agreement, or that the decision is otherwise improper.

Thus, because the Court finds that Victoria has violated his plea agreement by challenging the Government's "substantial assistance" determination, and because the Court finds no indication that the Government's failure to file a Rule 35 motion was inappropriate, the Court denies Victoria's construed Motion to Reduce Sentence.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant Ricardo Victoria's construed Motion to Reduce Sentence (Doc. # 156) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd day of February, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record

5